Dinh v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-036-CR

SOAN TIEN DINH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Soan Tien Dinh appeals his conviction for possession of methamphetamine with intent to deliver.  In one point, appellant complains that the trial court erred in denying his motion to suppress because the evidence was illegally seized.  We will affirm.

The Texas Court of Criminal Appeals has provided the standards of review to be applied in reviewing a trial court’s denial of a motion to suppress evidence.  
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); 
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  We must afford almost total deference to the trial court’s determination of the historical facts that the record supports when the trial court’s findings are based on an evaluation of credibility and demeanor.  
Guzman
, 955 S.W.2d at 89
.  Likewise, we are to utilize the same deference in reviewing the trial court’s rulings on mixed questions of law and fact when the resolution of the question turns on an evaluation of credibility and demeanor.  
Id
.  Where, as here, the trial court did not make explicit findings of fact, the evidence is reviewed in the light most favorable to the trial court’s ruling.  
Carmouche v. State
, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

Appellant does not challenge the initial stop of his vehicle, but contends that after Deputy Kendall Novack had concluded his investigation of the traffic violation, he continued to detain appellant in order to conduct a canine search for narcotics.  Appellant argues that under 
McQuarters v. State
, this continued detention was unreasonable because Deputy Novack did not have reasonable suspicion to believe appellant possessed a controlled substance.  58 S.W.3d 250, 257 (Tex. App.—Fort Worth 2001, pet. ref’d). 

In 
McQuarters
, the officer stopped a motorist for traffic violations and suspected driving while intoxicated.  
Id. 
at 253.  After satisfying himself that the motorist was not intoxicated and issuing warnings for the traffic offenses, the officer asked for consent to search the vehicle.  
Id
. at 253-54.  When the motorist denied consent, the officer conducted an olfactory search with his narcotics search dog.  
Id
. at 254.  We held that, because the officer had concluded the purpose of his initial stop when he issued the traffic warnings, it was unreasonable for the officer to continue his detention in order to conduct a canine search.  
Id
. at 257.  To prolong a traffic stop for a canine sweep for drugs, police must have a reasonable suspicion that drugs are present.  
Id
.  The reasonableness of the detention must be examined in terms of the totality of the circumstances and will be justified when the detaining officer has specific articulable facts, which, taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity.  
Balentine v. State
, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  

The present case differs from 
McQuarters 
in two important respects.  First, the record in this case does not indicate that Deputy Novack had concluded the purpose of his initial traffic stop prior to conducting the olfactory search.  There is no evidence that Deputy Novack had completed a warrant check on appellant or issued a traffic citation or warning at the time he performed the search.  Therefore, because Deputy Novack had not concluded the purpose of the initial traffic stop at the time he performed the canine sweep, it is unclear whether he was actually required to establish reasonable suspicion before utilizing his canine.  
See Walter v. State
, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000) (holding that it is unclear whether a canine sniff alone constitutes a detention or whether calling in a canine unit requires reasonable suspicion).  The trial court could have reasonably concluded that appellant’s legal detention was not prolonged by the canine sniff.

Second, unlike the officer in 
McQuarters
, Deputy Novack had reasonable suspicion to believe that appellant was in possession of contraband.  Deputy Novack testified that when he initiated the traffic stop of appellant’s vehicle, appellant pulled into a parking lot.  As appellant turned into the lot, Deputy Novack saw him take something from the passenger’s seat and place it under the driver’s seat.  When Deputy Novack approached appellant and asked for identification, appellant immediately denied ownership of the vehicle and stated that he did not have any identification.  He described appellant as being nervous and agitated and stated that appellant’s hands were shaking violently.  Deputy Novack then asked appellant to step out of the vehicle, patted him down, and asked for consent to search the vehicle.  Appellant refused consent and, again, stated that the vehicle was not his and that he was not responsible for its contents.  At this point, Deputy Novack performed the olfactory search. 

We conclude that appellant’s furtive movements combined with his extreme nervousness and denial of responsibility for anything a search might reveal gave rise to reasonable suspicion that he had contraband in the vehicle.  
Therefore, we overrule appellant’s sole point and affirm the trial court’s judgment. 

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered March 13, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.